UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO SEPULVEDA and SONIA SEPULVEDA,<br><br>    Plaintiff,<br><br>    v.<br><br>MATT ISAIAH ESPARZA and JENNIFER ESPARZA,<br><br>    Defendants. | No. 2:18-cv-02435-TLN-CKD<br><br>**ORDER** |

This matter is before the Court pursuant to Defendants Matt Isaiah Esparza and Jennifer Esparza's (jointly "Defendants") Notice of Removal. (ECF No. 1.) Defendants filed separate motions to proceed in forma pauperis. (ECF Nos. 2 & 3.) For the reasons set forth below, the Court remands the action to the Superior Court of California, County of San Joaquin, due to lack of subject matter jurisdiction.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 17, 2018, Plaintiffs Santiago Sepulveda and Sonia Sepulveda ("Plaintiffs") filed an unlawful detainer action in the San Joaquin County Superior Court of California. (ECF No. 1 at 5.) The complaint alleged that on July 13, 2018, Defendants failed to comply with a 3-day notice to pay rent or quit the premises. (ECF No. 1 at 7.) On September 5, 2018, Defendants filed a Notice of Removal in the United States District Court, Eastern District of California.

(ECF No. 1.) In their Notice of Removal, Defendants allege the Court has jurisdiction under "28 U.S.C. § 1441 (a) and/or (b)." (ECF No. 1 at 2.) Defendants mention "[t]he complaint presents federal questions." (ECF No. 1 at 2.) Defendants assert that a federal question exists because Defendants filed an answer to Plaintiffs' complaint in the San Joaquin Superior Court which requires a determination of Defendants' rights and Plaintiffs' duties "under federal law." (ECF No. 1 at 2.)

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III. ANALYSIS

Defendants state in their notice of removal that jurisdiction is proper under 28 U.S.C. § 1441(a) and/or (b). (ECF No. 1 at 2.) However, Defendants assert that a federal question exists because Defendants filed an answer to Plaintiffs' complaint in the San Joaquin Superior Court

which requires a determination of Defendants' rights and Plaintiffs' duties "under federal law." (ECF No. 1 at 2.)  After reviewing the Notice of Removal, the Court concludes that Defendants cannot present a viable argument to support federal jurisdiction on either basis.

Subject matter jurisdiction exists where a federal question arises on the face of the complaint or if there is diversity jurisdiction.  Here, there is no federal cause of action that would supply this court with original jurisdiction. *See Caterpillar*, 482 U.S. at 386 ("federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").  Plaintiffs do not bring any claims within the complaint that involve a federal question.  Defendants assert that their answer in state court creates a federal question because it depends on a determination of the parties' rights and duties under federal law.  However, a federal question must arise on the face of the complaint.  Therefore, Defendants are not entitled to removal on the grounds of federal question jurisdiction.

Furthermore, Defendants cannot satisfy the requirements for diversity jurisdiction under 28 U.S.C § 1332.[1]  Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States."

First, Defendants do not assert that the parties are citizens of different states.  Moreover, Defendants do not assert the amount in controversy exceeds $75,000.  The burden of proving the amount in controversy depends on what the plaintiff has pleaded. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998, 1000 (9th Cir. 2007).  When the complaint alleges damages less than the jurisdictional requirement, the party seeking removal must prove the amount in controversy with legal certainty. *Id.*; *Rynearson v. Motricity, Inc.*, 601 F. Supp. 2d 1238, 1240 (W.D. Wash. 2009).  Plaintiffs' complaint alleges damages calculated at $75.83 per day. (ECF No. 1 at 7.)  At the time of filing, Plaintiffs only requested past due rent in the amount of $6,825.00, reasonable attorney fees and the fair rental value of $75.83 dollar per day. (ECF No. 1 at 7.)  The sum would not amount to any value close to $75,000.  Defendants offer no other calculation, and thus do not

---

[1] 28 U.S.C. § 1441(b) allows for removal based on diversity of citizenship.  Diversity jurisdiction must arise from the express provisions of section 1332.

3

prove with legal certainty that the damages as of removal would exceed $75,000.  Therefore, Defendants fail to meet the burden of showing that the amount in controversy is met.

Defendants have failed to establish their burden of showing that jurisdiction before this Court is proper based on diversity jurisdiction or federal question jurisdiction.  Therefore, it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction.  *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

**IV.    CONCLUSION**

For the foregoing reasons, the Court hereby REMANDS this action to the Superior Court of California, County of San Joaquin.  Additionally, the Court has reviewed Defendants Matt Isaiah Esparza and Jennifer Esparza's separate motions for in forma pauperis status (ECF Nos. 2 & 3), and finds that Defendants meet the requisite standard.  As such, Defendants' motions for in forma pauperis status are hereby GRANTED.

IT IS SO ORDERED.

Dated: September 6, 2018

_____
Troy L. Nunley
United States District Judge